UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARMEEN DENISE WASHINGTON,

Plaintiff,

-against-

YASMIN ABEDIN, M.D., Metropolitan
Hospital,

Defendant.

23-CV-5887 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Charmeen Denise Washington brings this action *pro se*. By order dated November 3, 2023, the Court granted Plaintiff request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for failure to state a claim, but grants Plaintiff 60 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim,

*pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Charmeen Denise Washington filed her original complaint on July 7, 2023, invoking the court's federal question jurisdiction, and alleging that Defendant Dr. Yasmin Abedin, a doctor at Metropolitan Hospital, violated "Human Hippa Rights and Universal law. NEC Article 320. Human Rights with Homicidal Intention."[1] (ECF No. 1 at 2.) In her original complaint, Plaintiff alleged that from "January 18, 1994 – January 28, 1994,"

> I Charmeen Washington was Implanted with Encrypted Ocilating Radio Frecency Identification Electronics in my second and third valve of my heart the Second Valve a 4-10 milimeter Electronic and the Second Valve Electronic Implant is in Assetron Active Causin Slight Strokes and Suffication.
>
> According to the Proffessional Claims Beaural ans ECS Buisness.

---

[1] The Court quotes from the complaint and amended complaint verbatim. All grammar, punctuation, and spelling are in the original unless otherwise indicated.

(*Id.* at 5.)

In the section of the form complaint that asks Plaintiff to describe her injuries, Plaintiff writes,

> Rape, Assault, Falty diasnosis, Psycosis and Obesity as well as pety lawseny and Job loss and Homelessness.

(*Id.* at 6.)

In the section of the form complaint that asks Plaintiff to state the damages she seeks, Plaintiff writes,

> my Job, my residence, my Families lives due to open Access and my hygiene mentally and physcially and teeth. and Education.

(*Id.*)

On September 27, 2023, without direction from the court, Plaintiff amended her complaint against Defendant. In her amended complaint, she now asserts civil rights claims pursuant to 42 U.S.C. § 1983 and alleges that the events giving rise to her claims occurred on January 18, 1994, in the Metropolitan Nursery Incubator. She alleges,

> My intestines, Brain, Inner ear and Every Organ has a Osilating Implant Because I was premature around doctors such as Deliving Doctor Yasmin Abedin. Even my heart 2nd and 3rd Valve.

(ECF No. 5 at 4.) She seeks $100 million dollars in damages. Plaintiff attaches 833 pages of attachments to her complaint, but it is unclear how these documents pertain to any claims she is seeking to assert against Defendant Dr. Abedin.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

3

A.      **Claims against Dr. Yasmin Abedin, Metropolitan Hospital**

Plaintiff alleges that Dr. Yasmin Abedin was employed at Metropolitan Hospital on the date that the events giving rise to her claims occurred. Metropolitan Hospital is a facility operated by the NYC Health + Hospitals Corporation ("HHC"). Although HHC has the capacity to be sued, *see* N.Y. Unconsol. Laws § 7385(1), Metropolitan Hospital, as a facility within HHC, lacks the capacity to be sued. *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by HHC . . . may not be sued in its independent capacity"); *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) ("[S]ince Bellevue is merely a facility within HHC, it too lacks the capacity to be sued."). The Court therefore construes Plaintiff's claims as also against HHC.

To state a claim under Section 1983 against an entity such as HHC, it is not enough for the plaintiff to allege that one of its employees or agents engaged in some wrongdoing. The plaintiff must show that the entity itself caused the alleged violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Mejia v. NYC Health & Hosp. Corp.*, No. 16-CV-9706, 2018 WL 3442977, at 5 (S.D.N.Y. July 17, 2018) ("As a municipal corporation, HHC and its employees are state actors for purposes of Section 1983.").

In other words, to state a Section 1983 claim against a municipal entity, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

4

Although Plaintiff asserts that her rights were violated, it is not clear from her complaint what Defendant allegedly did or failed to do that violated her rights under the United States Constitution or any federal law. Plaintiff therefore fails to state a claim under Section 1983. Plaintiff is granted leave to amend her complaint to assert enough facts to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court grants Plaintiff leave to file an amended complaint also naming HHC as a defendant and alleging facts giving rise to a municipal liability claim against HHC.

## B.     Statute of Limitations

The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff's claims arise out of events that occurred January 18, 1994, presumably the date Plaintiff was born.[2] Plaintiff filed this complaint on July 7, 2023, approximately 29 years after her claims accrued. Plaintiff's Section 1983 claims are therefore likely time barred.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a

---

[2] Plaintiff attached a copy of her birth certificate to her original complaint; that certificate lists January 18, 1994 as her date of birth. (ECF No. 1 at 8.)

lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y.C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y.C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id.* at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id.* at § 210 (death of plaintiff or defendant).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case.[3] Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the

---

[3] Even if the Court assumes that the statute of limitations was tolled because Plaintiff was a minor at the time the alleged events giving rise to her claim occurred, and the limitations period began to run when she reached maturity, *see* N.Y.C.P.L.R. § 208, her claims would still be time-barred. Plaintiff was born on January 18, 1994, when the alleged events occurred. She therefore would have turned eighteen in 2012, and she would have had three years from that date, until sometime in 2015, to file a timely claim.

papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*,

49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute

of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should

grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of

limitations grounds).

Because Plaintiff's Section 1983 claims are untimely and she does not allege any facts

demonstrating that equitable tolling should apply, the Court dismisses such claims for failure to

state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jones v. Bock*,

549 U.S. 199, 215 (2007) (a complaint that "show[s] that relief is barred by the applicable statute

of limitations" is "subject to dismissal for failure to state a claim"); *Akassy v. Hardy*, 887 F.3d 91,

95 (2d Cir. 2018) (same).

## C.    Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims

when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and

only state-law claims remain, the federal court should decline the exercise of jurisdiction."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because Plaintiff does not

currently state a federal claim, the Court declines, at this time, to exercise supplemental

jurisdiction over any state-law claims that Plaintiff is attempting to raise in her complaint. *See*

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of

§ 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the

circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l*

*Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.    Motion for Counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because Plaintiff's amended complaint fails to state a claim, and her claims are likely untimely, her motion for counsel, ECF No. 4, is denied without prejudice to renewal at a later date.

**E.    Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, therefore, the Court grants Plaintiff 60 days' leave to replead her claims. The second amended complaint must allege facts giving rise to a municipal liability claim against HHC, may also name HHC as a defendant, and allege any facts demonstrating that equitable tolling should apply. **The Court advises Plaintiff to limit her submission to no more than 20 pages.**

Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that

Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original and amended complaints, any facts or claims that Plaintiff wants to include from the original and amended complaints must be repeated in the second amended complaint.

## F.    Litigation History

Plaintiff has recently filed a number of other *pro se* actions in this court, in several of which the court has determined that it lacks subject matter jurisdiction of Plaintiff's claims. *See Washington v. Chong,* ECF 1:23-CV-1936, 4 (S.D.N.Y. July 24, 2023) (dismissing complaint against a doctor for lack of subject matter jurisdiction); *Washington v. Tocco*, ECF 1:23-CV-5561, 13 (S.D.N.Y. Oct. 10, 2023) (dismissing complaint against a doctor for lack of subject matter jurisdiction); *Washington v. JP Morgan Chase Bank Inc.*, ECF 1:23-CV-5819, 6 (S.D.N.Y. Oct. 11, 2023) (dismissing action without prejudice for Plaintiff's failure to update her address of record as directed by the court); *Washington v. New York Police Dep't*, ECF 1:23-CV-5820, 6 (S.D.N.Y. Oct. 10, 2023) (dismissing action for failure to state a claim); *Washington v. Lindsay*, ECF 1:23-CV-5888, 6 (Oct. 6, 2023) (directing Plaintiff to file amended complaint); *Washington*

*v. Paris Production Berlin*, ECF 1:23-CV-5922, 6 (S.D.N.Y. Aug. 28, 2023) (directing Plaintiff to file amended complaint); *Washington v. Shukler*, ECF 1:23-CV-8030, 4 (S.D.N.Y. Sept 27, 2023) (amended complaint filed, matter pending); *Washington v. Ortiz*, ECF 1:23-CV-9647, 5 (S.D.N.Y. Nov. 27, 2023) (dismissing action for lack of subject matter jurisdiction and granting Plaintiff leave to replead to demonstrate that the court has subject matter jurisdiction of her claims and that she is entitled to relief).

Plaintiff is warned that if she abuses the privilege of proceeding IFP, she may be ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements.)

**CONCLUSION**

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's motion for counsel, ECF No. 4, is denied without prejudice to renewal at a later date.

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-5887 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in this case.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 8, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                     LAURA TAYLOR SWAIN
                                  Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-



_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**SECOND AMENDED**
**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                          State                    Zip Code

_____

Telephone Number                     Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 2: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 3: _____

First Name                      Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State              Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City              State              Zip Code


_____
Telephone Number              E-mail Address


_____
Date                    Signature


**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007